## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARTEZ F. MCNABB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1258-PRW |
| | ) | |
| MIKE RODGERS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court are Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted and/or Based on the *Younger* Abstention Doctrine (Dkt. 11); Magistrate Judge Suzanne Mitchell's Report & Recommendation (Dkt. 13); and *pro se* Petitioner Martez F. McNabb's Objection to the Report & Recommendation (Dkt. 16).

### *Background*

On October 23, 2025, Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1), seeking federal habeas relief from his state conviction and sentence. The Report and Recommendation provides a comprehensive overview of Petitioner's lengthy state-court procedural history.[1] From this background, Judge Mitchell concluded that Petitioner "has not presented his habeas claims through one complete round of Oklahoma's appellate review process."[2] Because a petitioner generally must exhaust all available state-court remedies before seeking federal habeas relief, absent circumstances rendering those

---

[1] R&R (Dkt. 13), at 1–7.

[2] *Id.* at 9.

1

remedies ineffective or futile,[3] Judge Mitchell recommended granting Respondent's Motion to Dismiss (Dkt. 11). Petitioner timely objected to the Report and Recommendation (Dkt. 13). Petitioner does not object to the finding that he has not exhausted his state-court remedies.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[4] An objection is "proper" if it is both timely and specific.[5] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[6] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[7] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[8]

---

[3] 28 U.S.C. § 2254(b)(1).

[4] Fed. R. Civ. P. 72(b)(3).

[5] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[6] *Id.* (citation and internal quotation marks omitted).

[7] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

[8] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

### *Discussion*

Petitioner objects to Judge Mitchell's recommendation to dismiss the Petition instead of staying the unexhausted Petition.[9] Although this objection is timely, it is not specific because Petitioner merely rehashes the arguments made in his Petition. Thus, reviewing the Report and Recommendation for clear error, the Court agrees with Judge Mitchell that dismissal is proper.[10]

Petitioner relies on *Rhines v. Weber* to encourage the Court to stay this case.[11] *Rhines*, however, only permits a court to stay a *mixed* habeas petition.[12] And, as explained by Judge Mitchell, the Petition here is not a mixed petition.[13] To the extent it is still within this Court's discretion to stay this action, Petitioner has nevertheless failed to demonstrate that a stay is warranted. Nothing on the record demonstrates Petitioner's active appeal would be futile. Here, "the Custer County District Court appointed counsel for him to

---

[9] *See* Obj. (Dkt. 16), at 2 ("Petitioner does not aim to excuse the exhaustion requirement of such but instead attempting to gain a stay while he continues to pursue fulfillment of the exhaustion process and not receive grave consequences to his constitutional abilities.").

[10] *See Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) (finding that objections were nonspecific where they "did not specifically address any of the magistrate judge's conclusions" but instead "merely reargued, in the most general fashion, the merits of his claims" (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)). Regardless, whether reviewing for clear error or conducting de novo review, the Court would reach the same conclusions as contained in the Report and Recommendation.

[11] Obj. (Dkt. 16), at 2.

[12] *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

[13] R&R (Dkt. 13), at 13.

perfect his appeal and his state court proceedings are ongoing in the OCCA."[14] The Court therefore finds no good cause to stay these proceedings while Petitioner returns to state court to exhaust his claims.

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is also no clear error on the face of the record.[15] Finding none, the Court concurs with Judge Mitchell's well-reasoned conclusions and analysis.

### *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 34) and **DISMISSES** the Petition (Dkt. 1).

**IT IS SO ORDERED** this 9th day of July 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] *Id.* at 14.

[15] *Summers*, 927 F.2d at 1167–68.